# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **JEFFREY STEPHENS** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  2:20-cv-0221 |
| § | |
| **LIBERTY LIFE ASSURANCE** § | |
| **COMPANY OF BOSTON n/k/a** § | |
| **LINCOLN LIFE ASSURANCE** § | |
| **COMPANY OF BOSTON** § | |
| | |
| Defendant. | |

## ORIGINAL COMPLAINT

Plaintiff Jeffrey Stephens ("Plaintiff") files this Original Complaint against Defendant Liberty Life Assurance Company of Boston n/k/a Lincoln Life Assurance Company of Boston ("Defendant").

## I.
## Parties

1. Plaintiff is an individual who was employed by DCP Midstream,. ("Employer"). Employer provided long term disability ("LTD") benefits funded by a policy of disability insurance issued to Employer.

2. Defendant is an insurance company licensed to do business in Texas and issued a group LTD insurance policy (GF3-8690-065914-01) ("LTD Policy") to Employer.  Defendant can be served through its agent for service:  Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, Texas 78701-3218.

## II.
## Jurisdiction and Venue

3. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), because the Defendant can be found in this District.

## III.
## Factual Background

6. At all pertinent times, Employer maintained an employee benefit plan (the "Plan") that provided LTD benefits coverage for its employees.

7. The Plan is subject to ERISA.

8. LTD benefits payable under the Plan were funded by the LTD Policy.

9. At all pertinent times, Plaintiff was an employee of Employer and was a participant, within the meaning of 29 U.S.C. § 1002(7), in the Plan.

10. Plaintiff suffers from medical conditions that would not and will not permit Plaintiff to perform the duties of any occupation, as defined in the LTD Policy.

11. Plaintiff received LTD benefits under the LTD Policy from July 27, 2016 to October 9, 2019. Defendant terminated Plaintiff's LTD benefits despite having continually approved benefits under the any occupation criterion in the LTD Policy since July 26, 2018.

12. Plaintiff appealed Defendant's termination of Plaintiff's benefits.

13. Defendant upheld it decision to terminate Plaintiff's LTD benefits.

14. Plaintiff exhausted all required administrative levels. Plaintiff complied with all requirements of the Plan's administrative procedure.

15. Plaintiff was and is disabled based on the definition of disability in the LTD Policy.

16. Defendant operated under a conflict of interest because it is both the determiner of claims and the payer of LTD benefits.

## IV.
## Request for Relief – Count One
### (Claim for Benefits Under the Policy)

17. Plaintiff is entitled to LTD benefits under the LTD Policy because Plaintiff met the definition of disability contained in the policy.

18. Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance the LTD Policy's requirements.

19. The standard of review is *de novo* because Defendant is not granted discretion, any purported grant of discretion is voided by Texas Law and/or Defendant failed to render a timely decision.

20. Plaintiff has proven by a preponderance of the evidence that Plaintiff is entitled to LTD benefits.

21. In the alternative, Defendant's decision to terminate Plaintiff's LTD benefits was arbitrary and capricious.

22. Defendant's decision to terminate Plaintiff's LTD benefits was wrong.

23. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from Defendant LTD benefits that have not been paid to Plaintiff from October 9, 2019 until the date of judgment and reinstatement on the Policy for future LTD benefits in accordance with the terms and conditions of the LTD Policy.

## V.
## Request for Relief – Count Two
### (In the alternative, Request for Remand)

24. In the termination letter, Defendant failed to identify any material or information necessary for Plaintiff to perfect Plaintiff's appeals, and the reason such material or information was necessary.

25. Defendant used unqualified and/or biased record reviewers who are financially motivated to find in Defendant's favor.

26. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that the Court award Plaintiff LTD benefits which have not been paid or, in the alternative, remand his claims to Defendant so that Defendant can identify the material necessary to perfect Plaintiff's claim and the reason why such information is necessary, and can review Plaintiff's claim using qualified/unbiased record reviewers.

## VI.
## Request for Relief – Count Three
### (Attorneys' Fees Pursuant to 29 U.S.C. § 1132(g)(1))

27. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorneys' fees in connection with the prosecution of this claim.

## PRAYER

FOR THESE REASONS, Plaintiff requests that the Court order:

28. Defendant to pay Plaintiff the full LTD benefits incurred and unpaid at the time of judgment;

29. Defendant to reinstate Plaintiff on the LTD Policy for future payments in accordance with the terms and conditions of the LTD Policy;

30. In the alternative, Plaintiff's claim be remanded to Defendant to comply with ERISA and/or the policies as discussed herein;

31. Defendant to pay Plaintiff's reasonable attorneys' fees incurred in pursuing recovery of the benefits owed to Plaintiff;

32. Defendant to pay Plaintiff pre-judgment and post-judgment interest; and

33. That Plaintiff recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

Dated:  June 30, 2020

Respectfully submitted,

/s/ Bernard A. Guerrini
Bernard A. Guerrini, Attorney in Charge
State Bar No. 08581700
bag@erisaltd.com

John L. Thompson
State Bar No. 90001820
jlt@erisaltd.com

GUERRINI & THOMPSON, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Tel:  (214) 692-6556
Fax:  (214) 692-6578

**ATTORNEYS FOR PLAINTIFF**